UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNIE EDWARD GRAYDON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2056** |
| **GOVERNOR BOBBY JINDEL, MARKSVILLE JAIL, JACKSON FORENSIC, STATE AGENCY** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

The plaintiff, Johnnie Edward Graydon ("Graydon"), was an inmate housed in the East Louisiana Medical Health System - Forensic Unit (f/k/a Feliciana Forensic Facility) in Jackson, Louisiana at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. Graydon filed his complaint against the defendants, Governor Bobby Jindal, the Marksville City Jail, and the "Feliciana Forensic Facility," seeking compensation for his distress resulting from the use of Masonic rituals in the facility where he is housed. Graydon did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

### II. Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the

Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III.   Analysis**

As indicated above, Graydon's complaint was submitted for filing without a filing fee or a request from him to proceed *in forma pauperis*. By notice dated September 10, 2014, the Clerk of Court notified Graydon that he was required to either pay the filing fee or complete a certified pauper application.[1] The Clerk of Court mailed this notice to the plaintiff at the East Louisiana Medical Health System - Forensic Unit, which was the address he provided on the complaint. This notice was not returned in the mail and no response was received from Graydon.

---

[1] Rec. Doc. No. 1, p.6.

The notice of deficiency was mailed to Graydon at the only address he has provided to the Clerk of Court. Graydon has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed. All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1 and 41.3.1. Graydon was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI on page five of his Complaint, where he signed the Plaintiff's Declaration on September 4, 2014.[2]

Contrary to these mandates, Graydon has not notified the Court of his release or a change of address, nor has he contacted the Court since the submission of his complaint. In addition, Graydon has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.[3]

## IV. Recommendation

It is therefore **RECOMMENDED** that Graydon's § 1983 complaint against the defendants be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[2] Rec. Doc. No. 1, p.5.

[3] The Court also notes that, Graydon has filed his complaint in an improper venue under the standards set forth in 28 U.S.C. § 1391. In addition, Governor Jindal would not be a proper defendant in a suit in federal court. *Will v. Michigan Dept. of St. Police*, 491 U.S. 58 (1989); *Wallace v. Edwards*, 30 F.3d 1493, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (addressing the governor's immunity); *Ex Parte Young*, 209 U.S. 123, 155-56 (1908). The jail facilities also are not persons with the capacity to sue or to be sued as required under Fed. R. Civ. P. 17. *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice).

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 5th day of November, 2014.

                                         **KAREN WELLS ROBY**
                                 **UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.